1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   COLUMBIA PICTURES FILM                    CASE NO. CV F 06-571 OWW LJO
     PRODUCTION ASIA LIMITED,
12                                             **FINDINGS AND RECOMMENDATIONS ON**
                         Plaintiff,            **ON PLAINTIFF'S MOTION FOR DEFAULT**
13        vs.                                  **JUDGMENT**

14   LISA MARKS,

15                         Defendant.

16   _____/

17

18        On September 18, 2006, plaintiff Columbia Pictures Film Production Asia Limited applied for

19   entry of a default judgment by the Court in this copyright infringement case.  Plaintiff seeks statutory

20   damages of $6,000, a permanent injunction enjoining defendant Lisa Marks from infringing plaintiff's

21   copyrights, and attorneys' fees and costs in the amount of $1,912.03 ($1,486.02 in fees and $426.01 in

22   costs).  On September 19, 2006, District Judge Oliver Wanger referred this matter to the Magistrate

23   Judge for issuance of Findings and Recommendations.  By order on September 19, 2006, any opposition

24   to plaintiff's application for default judgment was due by October 2, 2006.  No opposition has been filed.

25        Statutory damages are authorized under 17 U.S.C. section 504(c):

26             "The copyright owner may elect, at any time before final judgment is

27             rendered, to recover, instead of actual damages and profits, an award

28             of statutory damages for all infringements involved in the action, with

                                               1

1      Respect to any one work,lllin a sum of not less than $750 or more

2      than $30,000 as the court considers just."

3  In addition, for willful violations, the Court may award $150,000 per infringement.

4      The defendant distributed at least one motion picture that she knew or should have known was

5  a pirated copy.  At the time of the distribution, the movie was still in the theaters.

6      Plaintiff provided evidence to the Court of how it tracked the copying and distributing of the

7  plaintiff's motion picture by the defendant, including employing an anti-piracy consulting firm,

8  MediaSentry.  Plaintiff has provided evidence to the Court that it expended between $3000 to $5000 to

9  develop the evidence and information necessary just to bring the instant action.

10      Based upon Plaintiff's Application for Default Judgment by the Court, and good cause appearing

11  therefore, this Court RECOMMENDS that the District Court ORDER and ADJUDGE that:

12  /////

13  /////

14  1.  Defendant Lisa Marks shall pay damages to Plaintiff for infringement of Plaintiff's

15  copyrights in the motion picture listed on Exhibit A to the Complaint, in the total

16  principal sum of Six Thousand Dollars ($6,000.00).

17  2.  Defendant shall pay Plaintiff's attorneys' fees and costs of suit herein in the amount of

18  One Thousand Nine Hundred Twelve Dollars and Three Cents ($1,912.03).

19  3.  Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's

20  rights under federal or state law in the following copyrighted motion picture:

21  *Kung Fu Hustle*; and

22  any other motion picture, whether now or in existence or later created, that is owned or

23  controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff) ("Plaintiff's

24  Motion Pictures"), including without limitation by using the Internet or any online media

25  distribution system to reproduce (i.e., download) any of Plaintiff's Motion Pictures, to

26  distribute (i.e., upload) any of Plaintiff's Motion Pictures, or to make any of Plaintiff's

27  Motion Pictures available for distribution to the public, except pursuant to a lawful

28  license or with the express authority of Plaintiff.  Defendant also shall destroy all copies

2

1      of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard

2      drive or server without Plaintiff's authorization and shall destroy all copies of those

3      downloaded recordings transferred onto any physical medium or device in Defendant's

4      possession, custody, or control.

5

6      These findings and recommendations are submitted to the district judge assigned to this action,

7 pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  Within 10 court days after

8 service of these findings and recommendations on the parties, any party may file written objections to

9 these findings and recommendations with the Court and serve a copy on all parties and the magistrate

10 judge in compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned

11 "Objections to Magistrate Judge's Findings and Recommendations."  Responses to objections shall be

12 filed and served within 10 court days after service of the objections in compliance with this Court's

13 Local Rule 72-304(d).  A copy of the responses shall be served on the magistrate judge.  The district

14 judge will review the magistrate judge's findings and recommendations, pursuant to 28 U.S.C. §

15 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive

16 the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

17

18 IT IS SO ORDERED.

19 **Dated:**    **October 11, 2006**          **/s/ Lawrence J. O'Neill**

20 b9ed48                           UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28